IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRADEN FELLMAN GROUP, LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| ALANA PULLIAM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

Plaintiff, Braden Fellman Group, LTD ("BFG"), brings this Complaint against Defendant Alana Pulliam, a former employee of BFG, to recover BFG property wrongfully withheld by Ms. Pulliam.

# INTRODUCTION

1. BFG owns and operates residential and commercial properties throughout the metro-Atlanta area, including various apartment complexes.

2. Defendant was employed by BFG as a leasing agent for apartment complexes owned and operated by BFG. During her employment, BFG provided Defendant with various computer devices and other equipment to be used for carrying out her job duties. BFG terminated Defendant's employment in September 2023.

3. Upon Defendant's termination, BFG requested that Defendant return her BFG-issued devices, keys, and other equipment to BFG. Defendant refused to do so and has ignored repeated requests by BFG to return BFG's property. To this date, Defendant has failed return any of BFG's property as demanded by BFG.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Braden Fellman Group, LTD is a Georgia corporation with its principal place of business at 931 Ponce De Leon Ave NE, Atlanta, Georgia 30306.

5. Upon information and belief, Defendant Alana Pulliam is an individual resident of DeKalb County, Georgia, and may be served at 219 East Hancock Street, Decatur, Georgia 30030.

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. The Court has original jurisdiction over Count IV because it arises from the laws of the United States, *see* § 1331, and supplemental jurisdiction over the remaining claims because the claims are so related to Count IV that they form part of the same case or controversy, *see* § 1367(a).

7. Venue is proper in this forum under 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this District, and this District is where a substantial part of the events or omissions giving rise to the claims occurred and a substantial part of the property that is the subject of this action is situated.

## FACTUAL ALLEGATIONS

8. BFG owns and operates residential and commercial properties throughout the metro-Atlanta area.

9. BFG owns and operates various apartment complexes and employs leasing consultants to show and lease apartment units to prospective tenants. Defendant was hired by BFG as a leasing consultant on October 26, 2022.

10. When Defendant was hired, BFG provided her with several BFG-owned items to be used in performing her job duties. These items included a MacBook Air laptop computer, keys, an iPad, and an iPhone. At all times, these items remained BFG property and were to be used by Defendant only for BFG business.

11. The MacBook Air laptop computer, iPad, and iPhone all contain sensitive company information, including access to BFG's shared drive containing financial data, lists of customers, and other confidential company information. BFG uses this sensitive company information to generate leads and develop and operate its business. BFG discloses this information only to a select group of employees where necessary for BFG to operate its business and keeps its sensitive company information protected through reasonable security measures. The keys provide access to multiple physical properties owned and managed by BFG and are shared with only the employees necessary for BFG to operate its business.

12. Defendant's employment with BFG was terminated effective September 8, 2023. Though Defendant was required and instructed to return all of her company-issued property, Defendant repeatedly has refused to do so.

13. On September 7, 2023, a representative of BFG asked Defendant to bring any company-issued devices, keys, and equipment to a meeting with him the next day, Friday, September 8. Defendant refused to attend that meeting and instead sent an email stating that she assumed she was being terminated and asserting as follows: "Once I have more details and understanding on if you are terminating my employment I will swiftly provide all BFG equipment/belongings back to BFG."

14. After Defendant was terminated, a different representative of BFG texted Defendant to arrange the return of the BFG-owned property in her possession. On the following Monday, September 11, Defendant emailed BFG stating, "I am not comfortable with you continuing to message me via text over equipment I have that I am not using."

15. On September 21, 2023, the same BFG representative sent Defendant an email again asking her to return the company-issued equipment in her possession. This email provided several options for Defendant to return BFG's equipment, including by courier sent (and paid for) by BFG, by dropping the items off at the BFG office, or by UPS using a prepaid shipping label that BFG attached

to the email. Defendant did not respond to this email and did not return the equipment.

16. On October 9, 2023, counsel for BFG emailed Defendant a letter explaining that she was unlawfully retaining property of BFG and demanding that she return BFG's property. This email again attached a pre-paid shipping label for Defendant to use to return the equipment. Defendant again did not respond to this request and did not return the equipment.

## COUNT I: CONVERSION

17. BFG incorporates the allegations set forth in paragraphs 1 through 16 above.

18. BFG owns the MacBook Air laptop computer, iPad, iPhone, and keys to access BFG's properties that were given to Defendant to be used for purposes of her job duties while employed with BFG. Defendant knew that these items remained property of BFG and were required to be returned to BFG upon termination of her employment.

19. Defendant has possession of the BFG-issued the MacBook Air laptop computer, iPad, iPhone, and keys to BFG property given to Defendant during her employment.

20. BFG has repeatedly demanded the return of the BFG-issued the MacBook Air laptop computer, iPad, iPhone, and keys to BFG property given to

Defendant during her employment, but to date, Defendant has not returned to the property.

21. As a result of Defendant's conduct, BFG has been damaged and will be damaged further if the BFG-issued property is not returned.

## COUNT II: THEFT BY TAKING

22. BFG incorporates the allegations set forth in paragraphs 1 through 16 above.

23. BFG owns the MacBook Air laptop computer, iPad, iPhone, and keys to access BFG's properties that were given to Defendant to be used for purposes of her job duties while employed with BFG. Defendant knew that these items remained property of BFG and were required to be returned to BFG upon termination of her employment.

24. Defendant has possession of this property and withheld it from BFG despite its requests for Defendant to return the property.

25. Defendant has unlawfully appropriated the property with the intent of depriving BFG of the property.

26. As a result of Defendant's conduct, BFG has been damaged and will be damaged further if the BFG-issued property is not returned

## **COUNT III: MISAPPROPRIATION OF TRADE SECRETS**

27.     BFG incorporates the allegations set forth in paragraphs 1 through 16 above.

28.     The MacBook Air laptop computer, iPad, and iPhone contain BFG trade secrets. These devices were used to access BFG's shared drive containing financial data, lists of customers, and other confidential company information.

29.     BFG derives economic value, such as revenue and development leads, from the internal databases, financial data, and lists of customers. This information is only valuable if others in the community do not have access to it because competitors could undercut BFG's plans if this information was known to others.

30.     BFG does not disclose its sensitive company information to anyone who is not necessary for BFG's business to operate and takes reasonable steps to ensure that its information is kept secret.

31.     Defendant has misappropriated BFG's trade secrets by keeping the MacBook Air laptop computer, iPad, and iPhone after BFG has repeatedly demanded their return. Defendant only had permission to hold or use these devices while working for BFG, and by keeping the devices now that she no longer works for BFG, she has misappropriated the devices and the information contained thereon.

32. BFG is entitled to an injunction under O.C.G.A. § 10-1-762 requiring that Defendant return the devices and refrain from sharing any trade secrets learned as a result of Defendant's employment with BFG and possession of the devices.

33. BFG is further entitled to damages under O.C.G.A. § 10-1-763.

### CONUT IV: COMPUTER FRAUD AND ABUSE ACT

34. BFG incorporates the allegations set forth in paragraphs 1 through 16 above.

35. The BFG-issued MacBook Air laptop computer is a "protected computer" within the meaning of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Upon information and belief, Defendant used the computer in Georgia to communicate with individuals in other states and to access the internet. Defendant used the computer in interstate commerce.

36. Upon information and belief, Defendant has intentionally accessed the computer assigned to her without authorization after her employment ended.

37. Defendant's intentional and unlawful conduct caused damages and loss in excess of $5,000.00. Specifically, BFG's damages include, but are not limited to, the fact that BFG has incurred legal fees relating to Defendant's unauthorized retention or distribution of BFG information and has lost many hours away from day-to-day responsibilities of BFG employees, all well in excess of $5,000.00.

## COUNT V: INJUNCTIVE RELIEF

38. BFG incorporates the allegations set forth in paragraphs 1 through 16 above.

39. Unless Defendant is enjoined from continuing to possess BFG's devices, keys, and confidential or proprietary information, BFG will be irreparably harmed by the disclosure, whether directly or indirectly, of BFG's trade secrets, proprietary information, and confidential information.

40. BFG will suffer loss which is unascertainable at this time and may never be ascertainable, as well as future economic loss which is also presently incalculable. BFG has no adequate remedy at law to compensate for the harm it has and will continue to suffer.

41. BFG seeks preliminary and permanent injunctions requiring Defendant to return BFG's MacBook Air laptop computer, iPad, iPhone, and keys and to refrain from disclosing any information obtained from those devices or keys.

## COUNT VI: BAD FAITH AND STUBBORN LITIGIOUSNESS

42. BFG incorporates the allegations set forth in paragraphs 1 through 16 above.

43. Defendant has ignored BFG's requests to return the BFG-issued property and refused to comply with its demands.

44. In refusing to comply with BFG's demands, Defendant has acted in bad faith, been stubbornly litigious, and caused unnecessary trouble and expense.

45. Defendant is therefore liable under O.C.G.A. § 13-6-11 for BFG's expenses of litigation in this action, including, but not limited to, its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Braden Fellman Group, LTD prays for the following relief:

(a) Judgment against Defendant;

(b) Preliminary and permanent injunctive relief;

(c) Compensatory damages;

(d) An award of BFG's expenses of litigation, including attorneys' fees, under O.C.G.A. § 13-6-11;

(e) Such other and further relief as this Court deems just and proper.

This 20th day of November, 2023.

/s/ *Stacey M. Mohr*
Stacey M. Mohr (619207)
Rebekah L. Whittington (639802)
EVERSHEDS SUTHERLAND (US) LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
(404) 853-8000 (T)
(404) 853-8806 (F)
staceymohr@eversheds-sutherland.com
rebekahwhittington@eversheds-sutherland.com

*Attorneys for Plaintiff Braden Fellman Group, LTD*